IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEMUEL L. LILLY,** )<br>)<br>**Petitioner,** )<br>)<br>VS. )<br>)<br>**GREGORY S. LAMBERT,** )<br>)<br>**Respondent.** ) | CV NO.  05-728-GPM-PMF |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a Petition for Writ of Habeas Corpus brought by state inmate Lemuel L. Lilly (Petitioner).  His custodian, Warden Gregory Lambert, has answered (Doc. No. 8).

Petitioner entered the Illinois Department of Corrections following conviction for manufacturing more than 5,000 gram s of cannabis.  He received a 10-year sentence and a fine.  He appealed, and the Appellate Court of Illinois, Fifth District, affirmed his conviction in a Rule 23 Order.  *People v. Lilly*, #05-03-0420 (Ill. App. Ct. 5th Dist., June 11, 2004).  On appeal, plaintiff claimed: (1) the State failed to prove more than 5,000 grams of cannabis was involved; (2) the prosecutor's closing argument improperly invited the jury to speculate as to the weight of the cannabis and improperly attempted to inflame the jury; (3) the trial court erred by allowing exhibits containing cannabis into the jury room; (4) the trial court erred by not granting petitioner's motion for directed acquittal at the close of the prosecution's case; and (5) the trial court erred by denying petitioner's motion to suppress evidence found on his business property.  His conviction was upheld, *People v. Lilly*, #05-03-0420 (Ill. App. Ct. 5th Dist., June 11, 2004), and his Petition for Leave to Appeal to the Illinois Supreme Court was denied.  *People v. Lilly*, No. 98788, 211 Ill. 2d 599, 823 N.E. 2d 973 (Table) (Ill. 2004).

Petitioner failed to petition for post-conviction relief in any state court.

In the instant habeas corpus action, petitioner raises three claims: (1) insufficient evidence exited to prove that the cannabis in evidence weighed more than 5,000 grams; (2) it was error to allow cannabis into the jury room; and (3) the prosecutor unfairly and illegally encouraged the jury to speculate on the weight of the cannabis.

There are procedural prerequisites when seeking federal habeas relief. First, the petitioner must exhaust available state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 722 (1999). Failure to do so requires dismissal of the federal habeas claim. *Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner is foreclosed from pursuing further state remedies by virtue of time passing. He has exhausted his state remedies.

The inquiry does not end because before a federal court can consider a state inmate's claim, the state courts must have a full and fair opportunity to consider constitutional challenges to the inmate's incarceration. *Farrell v. Lane*, 939 F.3d 409, 410 (7th Cir. 1991). Issues not presented on appeal to the state's highest court are waived. *Hadley v. Homes*, 341 F.3d 661, 664 (7th Cir. 2003). Fair presentment requires that the petitioner alert the state court to the federal nature of his claim in order to give the court an opportunity to correct the claimed constitutional error. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992).

Procedural default may be excused only up to a showing of actual prejudice as a result of the alleged violation of federal law or that the failure to consider claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Cause means an external objective factor that impeded compliance. *Barksdale v. Lane*, 957 F.2d 379, 382 (7th Cir. 1992). The fundamental miscarriage of justice aspect is satisfied by a showing of actual innocence. *Schlup v. Delo*, 513 U.S.

298, 321 (1995).

  Illinois courts did not have a full and fair opportunity to consider the claims which are offered to support this petition for habeas relief.  Petitioner failed to rely on pertinent federal cases employing constitutional analysis, state cases applying a constitutional analysis to a factually similar situation or allege a pattern of facts within the mainstream of constitutional litigation.  In fact, not a single federal case was cited to the Fifth District Appellate Court.  He made no mention of a federal concept central to this case — due process.

  Petitioner has also failed to demonstrate that he should be excused for his procedural default.  No acceptable reason for failure to raise the federal issue to the state court is tendered.  As for actual innocence, the state appellate court correctly found that more than enough evidence supported conviction.

  Petitioner is procedurally defaulted from pursing habeas relief.  IT IS RECOMMENDED that his Petition for Writ of Habeas Corpus be DISMISSED.

  **SUBMITTED: June 7, 2007.**

              *s/Philip M. Frazier*
              **PHILIP M. FRAZIER**
              **UNITED STATES MAGISTRATE JUDGE**