### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEMUEL L. LILLY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) CIVIL NO. 05-728-GPM |
| | ) |
| **GREGORY LAMBERT,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Philip M. Frazier (Doc. 13). Magistrate Judge Frazier recommends that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be denied and this action be dismissed with prejudice because all of the issues presented by Petitioner are procedurally defaulted. Respondent filed a timely objection to the Report and Recommendation (Doc. 15), arguing that one of Petitioner's claims is not procedurally defaulted but concurring in the conclusion that the other two claims are procedurally defaulted. Petitioner filed neither an objection to the Report and Recommendation nor a response to Respondent's objection.

Because a timely objection has been filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); Local Rule 73.1(b) of the United States District Court for the Southern District of Illinois; *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all

of the evidence in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

Petitioner was convicted in state court of manufacturing more than 5,000 grams of cannabis. He asserts three claims in his petition: (1) there was insufficient evidence to prove that the cannabis in evidence weighed more than 5,000 grams; (2) it was error to allow cannabis into the jury room; and (3) the prosecutor unfairly and illegally encouraged the jury to speculate on the weight of the cannabis. Petitioner's "primary claim," as characterized in his reply brief, is "that the government never proved the relevant portion of the cannabis plant weighed more than 5000 grams" (Doc. 11, p. 1). In the Report and Recommendation, Magistrate Judge Frazier found, as to all three claims, that the Illinois courts did not have a full and fair opportunity to consider the claims because "Petitioner failed to rely on pertinent federal cases employing constitutional analysis, state cases applying a constitutional analysis to a factually similar situation or allege a pattern of facts within the mainstream of constitutional litigation" (Doc. 13, p. 3). Magistrate Judge Frazier further found that Petitioner cited "not a single federal case" to the Fifth District Appellate Court and that Petitioner "made no mention of a federal concept central to this case – due process" (*Id.*). After finding that Petitioner failed to demonstrate cause for the procedural default or actual innocence, Magistrate Judge Frazier concluded that all three claims are procedurally defaulted.

Respondent concurs that the second and third arguments are procedurally defaulted, and Petitioner has not objected to that recommendation. However, with respect to Petitioner's primary claim, Respondent contends that it should be addressed on its merits to "obviate the need for any appeal of this question" because the claim made on direct appeal was sufficient to fairly present a federal constitutional claim to the state courts (Doc. 15, p. 2). Specifically, Respondent relies on the fact that in adjudicating the claim, the state appellate court relied on an Illinois Supreme Court

case which quoted the relevant federal standard.  That is sufficient.  *See Verdin v. O'Leary*, 972 F.2d 1467, 1480 (7th Cir. 1992) (holding that a petitioner fairly presented his claim to the state court where he relied upon state cases applying constitutional analysis or making reference to the Constitution, and he alleged a pattern of facts within the mainstream of constitutional litigation); *see also Early v. Packer*, 537 U.S. 3, 8 (2002) (in determining whether a state court's decision on the merits of a constitutional claim is either "contrary to" or employs an "unreasonable application of" United States Supreme Court precedent, the state court is not required to cite Supreme Court cases, and in fact need not even be aware of the Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them").  Petitioner fairly presented his primary claim to the state courts on direct appeal, and it must be addressed on the merits.

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Frazier (Doc. 13) is **ADOPTED in part and REJECTED in part**.  Petitioner's second and third claims – that it was error to allow cannabis into the jury room and that the prosecutor unfairly and illegally encouraged the jury to speculate on the weight of the cannabis – are dismissed as procedurally defaulted.  Petitioner's primary claim – that there was insufficient evidence to prove that the cannabis in evidence weighed more than 5,000 grams – is not procedurally defaulted.  This claim is **RECOMMITTED** to Magistrate Judge Frazier for consideration of the merits of this claim.  *See* FED. R. CIV. P. 72(b).  The Clerk of Court is **DIRECTED** to modify the docket to reflect that this matter remains referred to Magistrate Judge Frazier.

**IT IS SO ORDERED.**

DATED:  07/10/07

s/ G. Patrick Murphy
G. Patrick Murphy
Chief United States District Judge