## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LEMUEL L. LILLY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Case No.   05-728-GPM-PMF** |
| | ) | |
| **JOHN EVANS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Lemuel L. Lilly's §2254 petition for a writ of habeas corpus (Doc. No. 1). Lilly was convicted by a jury on one count of manufacturing/delivering more than 5,000 grams of cannabis. He is serving a ten year sentence imposed in the Circuit Court for Effingham County in 2003. He has exhausted available state court remedies.

One argument for habeas relief remains for decision. Lilly claims that he was deprived of his Fourteenth Amendment right to a fair trial when he was convicted on the basis of insufficient evidence. Specifically, Lilly argues that the State failed to present enough facts to prove beyond a reasonable doubt that the relevant part of the cannabis plants he manufactured or delivered weighed more than 5,000 grams. Respondent argues that habeas relief is unwarranted because the Illinois Appellate Court found sufficient proof of this element of the crime without contradicting or unreasonably applying federal law as established by the Supreme Court.[1]

---

[1] John Evans is acting warden at Big Muddy Correctional Center, where petitioner is confined. Mr. Evans is substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## I..    Background

On October 1, 2001, while searching for cannabis plants growing in rural Effingham County, several law enforcement officials discovered a very large amount of plants that had been cut and laid on bushes to dry.  While hiding in a field, they watched as Lilly arrived and collected the plants.  In approximately one hour, Lilly filled three large duffle bags.  Lilly was arrested and shears and scissors were confiscated from his truck, along with a pair of gloves.  Following Lilly's arrest, officers searched the attic of his residence and swept loose plant material from the attic floor into a bag.  The bags containing plant material were sent to a lab for testing.

At trial, the state presented testimony from Michael D. Cravens, a forensic scientist.  Cravens testified regarding exhibits that had been separated into subexhibits, in which the illegal plant material recovered from the bags had been separated from the plant stalks.  He described People's Exhibit 1 as a canvas bag and a quantity of slightly damp and moldy plant material, People's Exhibit 2 as a cloth duffle bag and plant material, People's Exhibit 3 as a bag and plant material, and People's Exhibit 31 as a bag and plant material and stems.  Cravens testified that he examined the exhibits before the contents were broken down into subexhibits.  He examined the plant material at the top of the bags and removed a sample from each bag.  Because Cravens did not examine the entire contents, he could not describe the contents at the bottom of the bags.

Cravens tested the samples and explained that the test results showed that the plant  material was cannabis.  He further testified that the combined gross weight of Exhibits 1, 2, and 3 was 32,237 grams.  While Cravens weighed each exhibit separately, he did not separate the plant material inside from stems and stalks or determine the weight of the bag.  Cravens said the plant material was slightly damp and moldy and that moisture could make up 60% of the weight.  He further testified that he believed each bag contained at least 5,000 grams of cannabis.

With respect to the bag obtained from Lilly's attic, Cravens testified that the gross weight was 669 grams and that the weight of the plant material after being separated from stems was 467 grams.

The trial court denied Lilly's motion for directed verdict after examining the exhibits and subexhibits.  During deliberations, the jury requested access to the exhibits, and that request was allowed.

In resolving plaintiff's challenge to the sufficiency of the evidence, the Illinois Appellate Court viewed the evidence in the light most favorable to the prosecution and considered whether any rational finder of facts could have found beyond a reasonable doubt all the essential elements of the crime.  The Illinois Appellate Court was not convinced by Lilly's suggestion that the jury was required to speculate about the contents of the exhibits when they were examined and weighed by Cravens.  The Court pointed to evidence that  Lilly filled the bags with cut plants (rather than plants pulled or dug from the ground), the absence of evidence that the exhibits weighed by Cravens contained foreign items such as rocks and the fact that the exhibits examined by Cravens were admitted with subexhibits and submitted to the jury.  *People v. Lilly*, No. 5-03-0420, slip op. at 8-9 (Ill. App. June 11, 2005).

The Illinois Appellate Court found that the evidence was sufficient to permit a reasonable inference, without speculation, that Lilly manufactured over 5,000 grams of illegal cannabis.  In reaching this conclusion, the Court relied on testimony describing the gross weight of the exhibits, testimony that as much as 60% of the gross weight of the plants could be attributed to water content, and testimony that any one of the bags contained at least 5,000 grams of cannabis.  The Court further deduced that, because the exhibits were introduced with subexhibits containing the illegal cannabis, the jury had the ability to evaluate the weight of the illegal cannabis after it had been separated from mature stalks.  *Id*., at 9-11.

**II.      Reasonableness of State Court's Application of Clearly Established Federal Law**

Lilly claims that the Illinois Appellate Court made a decision that involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d).  The parties agree that the relevant law was established in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and that the Illinois Appellate Court applied the correct due process standard when it considered whether a reasonable person could have found proof of more than 5,000 grams of cannabis beyond a reasonable doubt.  The issue is whether the Illinois Appellate Court's application of that legal standard is objectively unreasonable.  In this context, the term "unreasonable" means more than mistaken.  The Illinois Appellate Court's decision must lie well outside the boundaries of permissible differences of opinion.  *Williams v. Taylor*, 529 U.S. 362, 411 (2002).

The Illinois Appellate Court found that the jury could be persuaded by credible evidence showing that it took approximately one hour for Lilly to fill three large duffle bags with cannabis plants that had been cultivated, cut, and dried.  The Court further considered that the jury heard no evidence that could have created a reasonable suspicion that the duffle bags also contained weighty foreign objects such as dirt, stones or wood.  The Court also considered that the jury heard testimony regarding the gross weight of the various exhibits as well as Craven's opinion that any one bag contained at least 5,000 grams of cannabis.  Further, the Court considered that the jury had an opportunity to assess the plant material after it had been separated into subexhibits, which further permitted an assessment without requiring speculation.  In short, the Illinois Appellate Court resolved the proof issue by evaluating direct and circumstantial evidence regarding the cannabis and finding that the jury had enough information to rationally infer that plaintiff manufactured cannabis weighed more than 5,000 grams.

The manner in which the Illinois Appellate Court applied the legal standard to the evidence is not objectively unreasonable.  The Court properly evaluated the strength of direct evidence and the level of support provided by inferences that could reasonably be drawn from circumstantial evidence. The Illinois Appellate Court rationally decided that the jury received enough information through testimony, exhibits, and subexhibits regarding quantity, condition and weight to make a finding beyond a reasonable doubt that the amount manufactured weighed more than 5,000 grams.

## III.   Conclusion

The Illinois Appellate Court applied the reasonable doubt standard of *Jackson v. Virginia* to the facts in a manner that is not objectively unreasonable.  IT IS RECOMMENDED that the remaining ground in the petition (Doc. No. 1) be DENIED.  This action should be dismissed.

**SUBMITTED:**   **October 30, 2007** .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**